IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND HARRY MILEY | : | CIVIL ACTION |
| | : | NO. 18-1671 |
| v. | : | |
| | : | |
| SUPERINTENDENT SCI SOMERSET, *et al.* | : | |

# ORDER

**AND NOW**, this 30th day of July 2018, upon careful and independent consideration of the petition for writ of *habeas corpus* including review of the Report and Recommendation of the United States Magistrate Judge Thomas J. Rueter and Mr. Miley's Objections (ECF Doc. No. 11), it is **ORDERED**:

1.       We **OVERRULE** Mr. Miley's Objections (ECF Doc. No. 11);

2.       We **APPROVE AND ADOPT** Judge Rueter's well-reasoned Report and Recommendation (ECF Doc. No. 8);[1];

---

[1] Raymond Harry Miley pleaded guilty to rape of a person less than thirteen years of age, rape of a child, involuntary deviate sexual intercourse with a person less than sixteen years of age, endangering the welfare of a child, and corruption of minors. Mr. Miley, *pro se*, seeks *habeas* relief under 28 U.S.C. § 2254 arguing (1) he asserted his innocence, thereby establishing a "fair and just" reason for withdrawing his guilty plea; (2) he did not knowingly, voluntarily, or intelligently plead guilty because the description of charge was incorrect; (3) ineffective assistance of trial counsel for failing to fully inform him of crucial evidence, an expert report suggesting a wiretap may not be accurate and violated the wiretap act; and, (4) ineffective assistance of trial counsel for failing to file a plea withdrawal and failing to provide sufficient basis for the withdraw. Judge Rueter thoroughly reviewed the record and recommends we dismiss Mr. Miley's petition.

Mr. Miley only objects to Judge Rueter's recommendation of denial of his third and fourth claims arguing ineffective assistance of counsel, Judge Rueter found Mr. Miley cannot establish his trial counsel's performance fell below an objective standard of reasonableness. After careful review of the record, we agree with Judge Rueter's extensive analysis under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) particularly given the Pennsylvania Superior Court's

3. We **DENY** and **DISMISS** Mr. Miley's petition for a writ of *habeas corpus* (ECF Doc. No. 1) with prejudice and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability; and,

5. The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

holdings on the admissibility of the expert report and timing of a potential withdrawal of the plea. *Commonwealth v. Miley*, No. 2997 EDA 2015, 2016 WL 5798107, at *4 (Pa.Super.Ct. Oct. 3, 2016). Trial counsel presented the issues properly to the trial court and discussed with Mr. Miley the expert report, weight of the disputed phone conversation, and the idea of withdrawing Mr. Miley's guilty plea. We agree with Judge Rueter's finding trial counsel's performance did not fall below an objective standard of reasonableness.

We deny a certificate of appealability. Mr. Miley has not shown, and we cannot find our holding denying Mr. Miley's non-defaulted ineffective trial counsel claim could be reasonably debated.